Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
_____ District of Idaho

Boise Division

U.S. COURTS

OCT 20 2025

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Eileen DeLeon
252 E Front St Apt 205
Boise ID 83702
208-605-9660
deleoneileen@gmail.com

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

BCACHA
1001 S Orchard St
Boise ID 83705
Public Housing Agency

Marissa Henderson, Individually and in her official Capacity (Program manager/BCACHA 1001 S Orchard St Boise ID 83705)

Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 1:25-CV-00587-DCN
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

I.   **The Parties to This Complaint**

   A.   **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Eileen DeLeon
   Street Address: 252 E Front St Apt 205
   City and County: Boise   Ada
   State and Zip Code: Idaho   83702
   Telephone Number: 208-605-9660
   E-mail Address: deleoneileen048@gmail.com

   B.   **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
  Name: Boise City/Ada County Housing Authority
  Job or Title (if known): Government Housing Authority
  Street Address: 1001 S. orchard st
  City and County: Boise Ada
  State and Zip Code: ID 83705
  Telephone Number: 208.
  E-mail Address (if known):

Defendant No. 2
  Name: Marissa Henderson
  Job or Title (if known): Program Manager
  Street Address: 1001 S. orchard St
  City and County: Boise Ada
  State and Zip Code: Idaho 83705
  Telephone Number:
  E-mail Address (if known):

Defendant No. 3
  Name:
  Job or Title (if known):
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number:
  E-mail Address (if known):

Defendant No. 4
  Name:
  Job or Title (if known):
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number:
  E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question   [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This action arises under the Fair Housing Act, 42 U.S.C. § 3604 and the Americans with Disabilities Act, 42 U.S.C. § 12132. Plaintiff alleges that the defendants discriminated and retaliated against her based on her disability in violation of the Federal Law

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

        The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

        Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

*See Attachment*

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*See Attachment*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: October 9, 2025

Signature of Plaintiff: *Eileen DeLeon*

Printed Name of Plaintiff: Eileen DeLeon

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____

STATEMENT OF CLAIMS

Plaintiff, Eileen De Leon, asserts the following legal claims against Defendants Boise City/Ada County Housing Authority ("BCACHA") and Marissa Henderson, individually and in her official capacity as a representative of BCACHA:

COUNT I – DISABILITY DISCRIMINATION UNDER THE FAIR HOUSING ACT

(42 U.S.C. §§ 3601–3619)

1. Plaintiff is a qualified individual with a disability as defined by the Fair Housing Act, and was eligible to request and receive reasonable accommodations in housing.

2. Defendants are subject to the Fair Housing Act and are prohibited from refusing to make reasonable accommodations in rules, policies, or services when such accommodations may be necessary to afford a person with disabilities equal opportunity to use and enjoy a dwelling.

3. On or around March 6, 2024, Defendants willfully denied Plaintiff's request for a reasonable accommodation related to her disability, without engaging in an interactive process or providing lawful justification.

4. Defendants' conduct had the effect of denying Plaintiff access to safe, habitable housing, and discriminated against her on the basis of disability.

5. As a direct result of this discriminatory conduct, Plaintiff suffered loss of housing opportunity, emotional distress, loss of personal property, and mental anguish.

COUNT II – DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

(Title II & III, 42 U.S.C. §§ 12131 et seq.)

6. Plaintiff incorporates by reference all prior paragraphs.

Administrative stalling or obstruction

Targeted harassment or indifference after filing complaints

15. Such retaliation is explicitly prohibited under 42 U.S.C. § 3617, which bars coercion, intimidation, threats, or interference against individuals exercising their housing rights.

16. Plaintiff experienced worsening housing instability, emotional trauma, and barriers to redress as a result.

COUNT IV – VIOLATION OF THE IDAHO HUMAN RIGHTS ACT

(Idaho Code § 67-5901 et seq.)

17. Plaintiff incorporates all above allegations.

18. The Idaho Human Rights Act prohibits discrimination in housing based on disability and mandates the provision of reasonable accommodation where necessary.

19. Plaintiff filed a complaint with the Idaho Human Rights Commission (IHRC) in a timely manner. During the administrative process, IHRC failed to notify Plaintiff in a timely fashion that the assigned investigator had been placed on administrative leave and that her case had been closed prior to ongoing conciliation.

20. These irregularities amounted to procedural denial of due process and undermined Plaintiff's ability to effectively vindicate her rights under Idaho law.

21. Defendants' discriminatory and retaliatory conduct violates the Idaho Human Rights Act and has caused significant harm to Plaintiff.

DAMAGES REQUESTED

As a result of the Defendants' conduct described above, Plaintiff seeks:

Compensatory damages for emotional distress, lost housing opportunities, and financial harm;

Statutory and punitive damages as allowed under federal law;

Injunctive relief to prohibit further discriminatory or retaliatory conduct;

Restoration of eligibility for public housing assistance;

Costs and fees as permitted;

Any other relief the Court deems just and proper.

STATEMENT OF RELIEF

Pursuant to the Idaho Human Rights Act (Idaho Code § 67-5901 et seq.), the Federal Fair Housing Act (42 U.S.C. §§ 3601–3619), the Americans with Disabilities Act (42 U.S.C. §§ 12101–12213), and applicable anti-retaliation statutes including 42 U.S.C. § 3617, Plaintiff respectfully requests that this Honorable Court grant the following relief:

I.  Monetary Relief

1. Compensatory Damages in an amount to be determined at trial, to compensate for:

Emotional distress and mental anguish

Loss of housing opportunity and housing stability

Out-of-pocket costs incurred due to Defendants' denial of accommodations and retaliatory conduct

Lost access to government benefits and subsidized housing opportunities

2. Punitive Damages, as allowed under federal law, to punish and deter willful, malicious, or reckless violations of Plaintiff's civil rights.

    3. Statutory Damages, including treble damages where authorized by law, under the Fair Housing Act or Idaho Human Rights Act.

II.    Equitable and Injunctive Relief

4. An Order compelling Defendants to cease all discriminatory and retaliatory practices in violation of federal and state law.

5. An Order requiring BCACHA to reinstate or restore Plaintiff's access to housing programs, including application eligibility and priority reinstatement, without retaliation or prejudice.

6. An Order mandating BCACHA adopt and implement ADA- and FHA-compliant reasonable accommodation policies, including staff training and procedures to prevent future harm to individuals with disabilities.

7. An injunction barring Marissa Henderson from future involvement in Plaintiff's housing access or related matters due to demonstrated bias and misconduct.

### III. Declaratory Relief

8. A judicial declaration that Defendants violated Plaintiff's rights under:

The Fair Housing Act (42 U.S.C. § 3604 and § 3617),

The Americans with Disabilities Act (Title II and III),

The Idaho Human Rights Act, and

Anti-retaliation provisions of all the above.

### IV. Administrative and Procedural Remedies

9. An Order directing the Idaho Human Rights Commission (IHRC) to correct or reopen the administrative record and provide documentation acknowledging administrative errors or irregularities in Plaintiff's file.

10. A declaration that IHRC's failure to notify Plaintiff of case closure while conciliation was ongoing constituted a denial of due process under state law.

V. Costs and Fees

11. An award of all reasonable legal costs, filing fees, and expenses incurred in pursuing this action, pursuant to 42 U.S.C. § 3613©(2), 42 U.S.C. § 12205, and applicable Idaho statutes.

12. Any additional relief as this Court deems just, proper, and equitable in light of the facts and law.

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO – BOISE DIVISION

EILEEN DE LEON,

Plaintiff,

v.

BOISE CITY HOUSING AUTHORITY and MARISSA HENDERSON

Defendants.

Case No. _____

DECLARATION OF EILEEN DE LEON

I, Eileen De Leon, declare as follows:

1. I am the Plaintiff in this action and make this declaration based on my own personal knowledge. The following facts are true and correct to the best of my knowledge and recollection.

2. On March 2, 2024, the sprinkler system in my apartment burst, causing a flood and significant water damage to my home.

3. That same day, Marissa Henderson, the property manager for Boise City Housing Authority, relocated me to the Budget Inn Motel.

4. I stayed at the Budget Inn for one night. The room conditions were unsafe and unsanitary — there were puncture holes in the door that looked like axe marks, the sink was clogged, and the room had a foul odor.

5. I found it impossible to remain there safely and requested a reasonable accommodation to be moved to a different motel or a suitable temporary apartment.

6. On March 3, 2024, I made my first request for a reasonable accommodation due to the unsafe and unsanitary conditions at the Budget Inn. My request was dismissed, and I was told I was "giving the motel a hard time."

7. On March 6, 2024, I again requested to be moved to a different motel. My messages to Ms. Henderson were forwarded to Eva Aguilar, who informed me that Marissa Henderson had denied my request for reasonable accommodation.

8. There were at least three other residents whose apartments were also damaged by the flooding on March 2. All of them were moved into vacant apartment units within the same building. I was the only tenant who was treated differently and sent to stay in a motel.

9. I remained at the Budget Inn from March 2, 2024 through March 29, 2024, despite repeated attempts to secure a safer, sanitary location.

10. After returning home, I experienced retaliation and harassment related to my earlier accommodation requests and my complaints about unsafe conditions.

11. The Boise City Housing Authority began undue eviction proceedings against me based on false or unsubstantiated allegations, without providing reasonable accommodation or support for housing stability.

12. I have been without stable housing since December 15, 2024, and have been forced to stay with friends and family members since that time.

13. My case was investigated by Rick Rhodes of the Idaho Human Rights Commission (IHRC). The last communication I had with him was in June 2025.

14. On August 1, 2025, I learned from Carmen Varney that Rick Rhodes had been placed on administrative leave. Between May and August 2025, I was led to believe conciliation was still ongoing.

15. On or about August 7, 2025, I contacted Benjamin Earwicker, the IHRC Administrator, who informed me that my case had already been dismissed without my knowledge or consent.

16. The stress from this situation has caused serious emotional and physical harm, including multiple emergency room visits in 2025 for stress-related gastrointestinal illness and a worsening of my mental health condition.

17. I have acted in good faith at all times and only sought to secure reasonable accommodations and maintain stable housing under the rights afforded to me by the Idaho Human Rights Act, the Fair Housing Act, and the Americans with Disabilities Act.

18. The retaliation, denial of accommodations, and mishandling of my case have left me displaced, distressed, and without a permanent home, despite my continued efforts to resolve this matter through proper legal channels.

CERTIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on *October 16*, 2025.

Boise, Idaho

I declare under penalty of perjury under the laws of the United States of America and the State of Idaho that the foregoing is true and correct.

Executed on: October 16, 2025
At: Boise, Idaho

Signature: _____
Eileen De Leon
Pro Se Plaintiff
252 E. Front Street, Apt. 205
Boise, ID 83702
Phone: 208-605-9660
Email: deleoneileen048@gmail.com

*[Notary seal: TERESA SALMAN, NOTARY PUBLIC, Comm. No. 45889, STATE OF IDAHO]*

10/16/2025
Teresa Salman
Notary for Boise, Idaho
Notary expiration 12/29/2029